UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE PERROT

V.                                                      Civil Action No. 04-11666-RCL

DAVID NOLAN


VERIFIED
MOTION TO RECONSIDER DISMISSAL
OF HABEAS CORPUS PETITION AND TO
ALLOW PETITIONER TO HAVE ANOTHER
CHECK FOR FIVE DOLLARS MAILED TO
COURT

Now Comes the Petitioner, in the above entitled action, and respectfully moves this Court to reconsider its dismissal of his habeas corpus Petition, and allow him to mail another check to the Court, for $5.00, for the following reasons:

1. On or about July 14, 2004 Petitioner handed his habeas corpus petition, along with what is known at the prison as a "purchase slip"/1 authorizing prison staff to send a $5.00 check to this Court along with his habeas petition, to a prison caseworker.

2. Shortly after giving these items to the caseworker petitioner received a receipt from the records department at the

_____
/1 A purchase slip is an authorization by a prisoner for prison officials to take money from the prisoner's account.

prison indicating that $5.00 was taken from his prison account and sent to this Court.

3. As a prophylactic measure, petitioner also had a close friend on the street send yet another $5.00 to this Court, just in case the first $5.00 did not arrive. This Court provided a receipt for the $5.00 check and petitioner attaches the original copy of that receipt herewith as Exhibit "A".

4. This Court is faced with the same problem the First Circuit faced in **Casanova v. Dubois**, 304 F.3d 75 (1st Cir. 2002, where prison officials caused the late mailing of filing fees to this Court.

5. As was the case in **Casanova**, this Court should not penalize petitioner because prison officials did not send the filing fees in a timely fashion.

6. Also, the U.S. Supreme Court in **Houston v. Lack**, 487 U.S. 266 (1988) has held that, once a prisoner provides his mail to the Court, they are responsible for filing the pleadings on time.

7. As it stands, petitioner has had mailed <u>two</u> different checks for $5.00 to this Court. He provided this Court with a receipt for the first check, see memo and order of August 10, 2004, and he now provides a second receipt herewith. See Exhibit "A".

For these reasons, this Motion should be Granted.

Respectfully submitted,

*[signature]*
George Perrot
P. O. Box 100
South Walpole, MA 02071

## VERIFICATION

I, George Perrot, verify that the above statements are true and accurate and I do so under pains and penalties of perjury on September 15, 2004.

*[signature]*
George Perrot

## CERTIFICATE OF SERVICE

I, George Perrot, certify that a copy of this Motion was mailed to the respondent in the case via first class mail on September 15, 2004.

*[signature]*
George Perrot

# EXHIBIT A

```
Wed Aug 18 11:43:56 2004

    UNITED STATES DISTRICT COURT
    BOSTON        , MA

Receipt No.   321 58051
Cashier       nappi

Tender Type  CHECK

Check Number: 45031355920

Transaction Type   N

DO Code    Div No    Acct
4638         1       0669PL

Amount              $    5.00

04-11666-RCL / PAYMENT FOR HABEAS CORPUS
/ GEORGE PERROT,

MCI WALPOLE,POB 100,SOUTH WALPOLE, MA 02
071 (G.PETTOR V D.NOLAN)




Wed Aug 18 11:43:56 2004

Check No. 45031355920
Amount$    5.00
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4638
```

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**GEORGE PERROT**

V.                                                     **CIVIL ACTION NO. 04-11666-RCL**

**DAVID NOLAN**

### ORDER OF DISMISSAL

LINDSAY, D.J.

    For failure of the Petitioner, George Perrot, to comply with the Court's Memorandum and Order dated August 10, 2004; it is hereby ORDERED:

    CASE DISMISSED.

September 13, 2004                          /s/ Lisa M. Hourihan
                                            ---------------------------
                                            Deputy Clerk

August 14, 2004

<u>Certified Mail- Return Receipt Requested</u>
United States District Court
Clerk's Office
United States Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

RE: <u>Filing Number 04-11666-RCL</u>

Dear Clerk,

Enclosed please find a money order in the amount of $5.00 to cover filing fee in the matter of George D. Perrot Plaintiff vs. David Nolan, Superintendent Defendant at MCI Cedar Junction; Filing Number 04-11666-RCL.

Thank you!

Sincerely,
George D. Perrot/kam
MCI Walpole
P.O. Box 100
South Walpole, MA 02071

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Perrot,<br>            Plaintiff,<br>v.<br>David Nolan, Superintendent<br>   MCI Cedar Junction<br>            Defendant. | CIVIL ACTION NO.<br>04-11666-RCL |

### MEMORANDUM AND ORDER

On July 19, 2004, petitioner George Perrot, who is currently confined at MCI Cedar Junction, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff did not submit the $5.00 filing fee for habeas petitions, nor did he file an application to proceed without prepayment of fees. Although petitioner filed a *photocopy* of a check for $5.00 issued to the U.S. District Court from MCI Cedar Junction dated July 14, 2004, the *original* check was not submitted.

ACCORDINGLY, it is hereby ORDERED that plaintiff is directed either to pay the $5.00 filing fee or to file an application to proceed without prepayment of fees, within 20 (twenty) days of the date of this Order, or this action will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 10th day of August, 2004.

                    s/ Reginald C. Lindsay
                    UNITED STATES DISTRICT JUDGE