UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE PERROT, <br><br> Petitioner, <br><br> v. <br><br> DAVID NOLAN, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-11666-RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO DISMISS

Respondent David Nolan, in his capacity as Superintendent of the Massachusetts Correctional Institution at Cedar Junction (the "Respondent"), hereby submits this Memorandum of Law in support of his Motion to Dismiss (the "Motion").[1] The Habeas Corpus Petition (the "Petition") filed by Petitioner George Perrot (the "Petitioner") is improper, because it does not comply with the timing requirements applicable to habeas corpus petitions.[2]

---

[1] Filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted state remedies, pursuant to this Court's Memorandum and Order of December 23, 2004. The offering of such documents does not imply that the Respondent considers the Petitioner to have fully complied with the statutory exhaustion requirement. In fact, it is the Respondent's position that, even if the Petition were not time-barred, its dismissal would be warranted based on the Petitioner's failure to "fairly and recognizably" present to the SJC the "factual underpinnings" and "legal foundation" of each and every federal claim in his Petition. Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see also Rose v. Lundy, 455 U.S. 509, 518 (1982) (indicating that exhaustion requirement is not satisfied unless all federal claims in petition have been exhausted, and affirming that statutory scheme requires dismissal of petition containing any nonexhausted claims).

[2] Since the petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

## BACKGROUND

The Petitioner is currently an inmate at the Massachusetts Correctional Institution at Cedar Junction (Petition at 1) as a result of a 1992 conviction on multiple charges arising from his November 30, 1985 invasion of the homes of two elderly women in Springfield, Massachusetts, and his rape of one of those women, Commonwealth v. Perrot, 38 Mass. App. Ct. 478, 479, 648 N.E.2d 1315, 1315 (1995), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit K.

The Petitioner was first convicted on December 14, 1987 on charges of aggravated rape, burglary and assault in a dwelling, unarmed robbery, indecent assault and battery, and burglary. (Initial Super. Ct. Docket, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit A.) On appeal, the judgments against him were reversed, the verdicts were set aside, and the cases were remanded for a new trial. Commonwealth v. Perrot, 407 Mass. 539, 549, 554 N.E.2d 1205, 1212 (1990), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit J.[3]

The Petitioner was tried a second time before the Honorable William W. Simons and a jury in the Hampden County, Massachusetts, Superior Court (the "Superior Court") between January 6-9, 1992. (Initial Super. Ct. Docket.) On January 9, 1992, he was convicted on the following charges: one count of unarmed robbery, in violation of M.G.L. c. 265, § 17, for which he was sentenced to a term of between fifteen and twenty years (Indictment No. 1985-05415); one count of indecent assault and battery on a person aged fourteen or over, in violation of

---

[3] The Petitioner also pled guilty on February 10, 1987 to the related offenses of armed assault in a dwelling house, in violation of M.G.L. c. 265, § 18A (Indictment No. 1985-05414), and unarmed robbery, in violation of M.G.L. c. 265, § 19 (Indictment No. 1985-05426). He did not

M.G.L. c. 265, § 13H, for which he was sentenced to serve a term of between three and five years (Indictment No. 1985-05416); one count of aggravated rape, in violation of M.G.L. c. 265, § 22(a), for which he was sentenced to a term of life imprisonment (Indictment No. 1985-05418); one count of burglary and assault on an occupant, in violation of M.G.L. c. 266, § 14, for which he was sentenced to a term of life imprisonment (Indictment Nos. 1985-05420 and 1985-05425); and one count of burglary, in violation of M.G.L. c. 266, § 15, for which he was sentenced to a term of between fifteen and twenty years (Indictment No. 1985-05425).[4] (Id.) The court ordered the sentences to be served concurrently at the Massachusetts Correctional Institution at Cedar Junction. (Id.)

The Petitioner filed a notice of appeal on January 13, 1992 (id.), and his appeal was entered on the docket of the Massachusetts Appeals Court (the "Appeals Court") on June 18, 1993 (Appeals Ct. Docket No. 1993-P-0845, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit D). The Appeals Court affirmed his convictions on May 3, 1995. Perrot, 38 Mass. App. Ct. at 482, 648 N.E.2d at 1317. On May 10, 1995, he filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). (SJC Docket No. SJC-07883, a true and accurate copy of

---

appeal such convictions (Initial Super. Ct. Docket) and does not challenge them in his Petition (Petition at 1).

[4] The Petition purports to challenge the Petitioner's conviction on the following: "85-5415 thru 85-5418 and 85-5420 thru 85-5425 Armed Robbery, Aggravated Rape, Burglary, Assault in a dwelling, burglary and Indecent Assault and Battery [sic]." (Petition at 1.) However, he was not actually convicted on the following indictments: No. 1985-05417, which charged assault and battery in violation of M.G.L. c. 265, § 13A(a) and was dismissed; No. 1985-05421, which charged armed assault in a dwelling in violation of M.G.L. c. 265, § 18A and was nolle prossed; No. 1985-05422, which charged assault to with intent to commit rape in violation of M.G.L. c. 265, § 24 and on which the Petitioner was found not guilty; No. 1985-05423, which charged armed robbery in violation of M.G.L. c. 265, § 17 and was dismissed; and No. 1985-05424,

3

which is attached to the accompanying Appendix as Exhibit F.) The SJC denied his application on June 5, 1995. (Id.)

Nearly five years later, on April 25, 2000, the Petitioner filed a motion for a new trial in the Superior Court. (Initial Super. Ct. Docket.) His motion was allowed on or about September 11, 2001. (Id.) The Commonwealth filed a notice of appeal on September 18, 2001 (id.), and the matter was entered on the docket of the Appeals Court on November 15, 2001 (Appeals Ct. Docket No. 2001-P-1626, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit G). In a May 12, 2003 decision, the Appeals Court reversed the Superior Court's allowance of the Petitioner's motion for a new trial. Commonwealth v. Perrot, 58 Mass. App. Ct. 1102, 787 N.E.2d 1154 (2003), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit L. On January 13, 2004, the Petitioner filed an ALOFAR with the SJC, having moved for leave to file the application out of time. (SJC Docket No. FAR-13909, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit I.) The SJC denied the ALOFAR on March 10, 2004. (Id.)

On July 19, 2004, the Petition at issue was filed in the United States District Court.

## ARGUMENT

### I. The Petition is time-barred.

The Petition must be dismissed because it was not filed within the limitations period applicable to habeas corpus petitions challenging state convictions. Section 2244 of Title 28 provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

---

which charged armed burglary in violation of M.G.L. c. 266, § 14 and was nolle prossed. (Initial Super. Ct. Docket.)

4

pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

In cases where the conviction at issue became final prior to AEDPA's effective date of April 24, 1996, courts have recognized a one-year grace period for those incarcerated to file habeas corpus petitions. See, e.g., Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999) (concluding that one-year grace period should be afforded where cause of action accrued before April 24, 1996). Petitions on behalf of such individuals thus needed to be filed by April 24, 1997. See Rogers v. United States, 180 F.3d 349, 355 & n.13 (1st Cir. 1999) (recognizing one-year grace period for motions pursuant to 28 U.S.C. § 2555 and concluding that period ended on April 24, 1997). The tolling provision contained in § 2244(d)(2) has likewise been made applicable to this

judicially-crafted grace period. See, e.g., Gaskins, 183 F.3d at 10 (noting trend of circuit and district courts in applying tolling provision to grace period); Huenefeld v. Maloney, 62 F. Supp. 2d 211, 218 (D. Mass. 1999) ("[T]he tolling provisions of § 2244(d)(2) do apply to the judge made grace period.").

The Petition at issue here clearly was not timely filed. The SJC denied the Petitioner's first ALOFAR on June 5, 1995. Perrot, 420 Mass. 1104, 651 N.E.2d 409. At that point, the judgment against the Petitioner became final for purposes of § 2244(d). 28 U.S.C. § 2244(d)(1)(a). The court-created grace period only served to extend the Petitioner's deadline for filing his Petition to April 24, 1997, see, e.g., Gaskins, 183 F.3d at 9; Rogers, 180 F.3d at 355 & n.13, a date more than seven years before the Petition was actually filed.

The fact that the Petitioner sought collateral review through a new trial motion several years after this deadline does not alter this result. The tolling provisions contained in 28 U.S.C. § 2244(d)(2) do not enable a petitioner to restart and then toll the limitation period after it has already expired. See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (concluding that AEDPA's limitations period was not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (stating that state-court motion filed after AEDPA's limitation period expired did not "revive" statute of limitations). Thus, the Petitioner's filing of his Petition on July 19, 2004 remains well beyond any deadline afforded to him.

In light of the Petitioner's lack of timeliness, dismissal of the Petition at issue is warranted. See, e.g., Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003) (affirming dismissal of petition that was not timely filed).

6

## CONCLUSION

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed with prejudice in its entirety.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

_____
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Dated: February 1, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on February 1, 2005, by first class mail, postage prepaid, upon:

George Perrot
P.O. Box 100
Walpole, MA 02071

pro se

_____
Randall E. Ravitz

7