UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE PERROT,<br><br>    Petitioner,<br><br>v.<br><br>DAVID NOLAN,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-11666-RCL<br>)<br>)<br>)<br>)<br>) |

## RESPONDENT'S APPENDIX ACCOMPANYING HIS MOTION TO DISMISS

Pursuant to this Court's Memorandum and Order dated December 23, 2004, Respondent David Nolan (the "Respondent") hereby files this Appendix containing documents relevant to the issue of whether Petitioner George Perrot (the "Petitioner") previously exhausted available state remedies with respect to the matters raised by his Habeas Corpus Petition (the "Petition"). The offering of such documents does not imply that the Respondent considers the Petitioner to have exhausted state remedies. In fact, the Respondent takes a position to the contrary, as noted in his accompanying Motion to Dismiss and Memorandum of Law in Support of His Motion to Dismiss.

Specifically, attached hereto as exhibits are true and accurate copies of the following:

    EXHIBIT A.  Initial Dockets for Commonwealth v. George Perrot, Cases No. HDCR1985-05410 through HDCR1985-05427 in the Hampden County, Massachusetts, Superior Court (collectively, the "Initial Superior Ct. Docket");

EXHIBIT B.    Subsequently Produced Docket for <u>Commonwealth v. George Perrot</u>, Cases No. HDCR1985-05410 through HDCR1985-05427 in the Hampden County, Massachusetts, Superior Court;

EXHIBIT C.    Docket for <u>Commonwealth v. George D. Perrot</u>, Case No. 1988-P-1311 in the Massachusetts Appeals Court;

EXHIBIT D.    Docket for <u>Commonwealth v. George D. Perrot</u>, Case No. 1993-P-0845 in the Massachusetts Appeals Court (the "Appeals Ct. Docket No. 1993-P-0845");

EXHIBIT E.    Docket for <u>Commonwealth v. George Perrot</u>, Case No. SJC-05253 in the Massachusetts Supreme Judicial Court;

EXHIBIT F.    Docket for <u>Commonwealth v. George D. Perrot</u>, Case No. FAR-07883 in the Massachusetts Supreme Judicial Court (the "SJC Docket No. SJC-07883");

EXHIBIT G.    Docket for <u>Commonwealth v. George D. Perrot</u>, Case No. 2001-P-1626 in the Massachusetts Appeals Court (the "Appeals Ct. Docket No. 2001-P-1626");

EXHIBIT H.    Docket for <u>Commonwealth v. George Perrot</u>, Case No. SJ-2001-0537 in the Massachusetts Supreme Judicial Court;

EXHIBIT I.    Docket for <u>Commonwealth v. George D. Perrot</u>, Case No. FAR-13909 in the Massachusetts Supreme Judicial Court (the "SJC Docket No. FAR-13909");

EXHIBIT J.    <u>Commonwealth v. Perrot</u>, 407 Mass. 539, 554 N.E.2d 1205 (1990).

EXHIBIT K.   <u>Commonwealth v. Perrot</u>, 38 Mass. App. Ct. 478, 648 N.E.2d 1315 (1995).

EXHIBIT L.   <u>Commonwealth v. Perrot</u>, 58 Mass. App. Ct. 1102, 787 N.E.2d 1154 (2003).

EXHIBIT M.   Application for Leave to Obtain Further Appellate Review, filed by the Petitioner's counsel on May 10, 1995 in connection with <u>Commonwealth v. George Perrot</u>, Case No. FAR-07883;

EXHIBIT N.   Defendants' Application for Further Appellate Review, filed by the Petitioner's counsel on January 13, 2004 in connection with <u>Commonwealth v. George D. Perrot</u>, Case No. FAR-13909;

EXHIBIT O.   Supplemental Application for Further Appellate Review of Appellate Reversal of an Allowed New Trial Motion, filed by the Petitioner himself on or about January 2, 2004 in connection with <u>Commonwealth v. George D. Perrot</u>, Case No. FAR-13909; and

EXHIBIT P.   Notice of Denial of F.A.R. Application from the Massachusetts Supreme Judicial Court dated March 10, 2004 in connection with <u>Commonwealth v. George D. Perrot</u>, Case No. FAR-13909.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

_____
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Dated: February 1, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on February 1, 2005, by first class mail, postage prepaid, upon:

George Perrot
P.O. Box 100
Walpole, MA 02071

pro se

_____
Randall E. Ravitz