UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 16  P 3: 12

U.S. DISTRICT COURT
DISTRICT OF MASS

George Perrot, Petitioner,

v.

David Nolan, Respondent,

Civil Action

NO.04-CV-1166

NO.04-11666-RCL

VERIFIED

MOTION FOR THE APPOINTMENT

OF COUNSEL AND FOR TIME

TO RESPOND TO RESPONDENTS

MOTION TO DISMISS

Now comes the petitioner, and moves this court to grant him
counsel to represent him in this case at bar, and to grant him an
additional ninety (90) days within which to respond to respondents
motion to dismiss, for the following reasons:

1.  Recently, petitioner was served with the respondents motion
to dismiss in the above mentioned case.  When he tried to send
the motion to dismiss to a fellow prisoner who authored the
pleadings filed in this case, petitioner learned that the prisoner
was moved to another prison in the state and, per 103 C.M.R. 481.

[2]

21, petitioner could not write him.

2.   The petitioner has no one at M.C.I. Cedar Junction to assist
him in the prosecution of this habeas case.  He has written
letters to numerous law firms, prisoner rights groups and has been
reading law books in attempt to be prepared to defend this case
and has not been successful to date.

3.   The legal issues raised in respondents motion to dismiss are
so complex that there is no way petitioner can respond thereto
himself.

4.   This court should also consider that petitioner has never
been to High School.  He has no knowledge of Habeas law and, in
fact he is relying on a fellow prisoner to draft this motion for
him.

5.   Petitioner is also indigent and can not afford to pay an
attorney to represent him in this case.  He has sought Pro Bono
assistance from several attorneys but he has not been able to
obtain same as of the date of this letter.

6.   The prisoner that is the author of this motion is busy
preparing a criminal brief for the Massachusetts Appeals Court and
he can not assist petitioner in this matter.

[3]

7.  Even if this court appoints counsel to review the case, and
determine whether it has merit, petitioner would be in a better
position to have the case at bar move forward.   Thus far he has
been unable to obtain counsel to review the case at bar, and, as
a result, he can not point the court to specific areas of the
record that suggests he is entitled to habeas corpus relief.


8.  Petitioner needs counsel in this case.  In the alternative ,
the court is respectfully asked to grant him ninety (90) days
within which to obtain assistance from fellow prisoners to respond
to the motion to dismiss.


    For the above mentioned reasons, this motion should be granted.




                          Respectfully Submitted,



                          George Perrot
                          Po Box 100
                          S. Walpole, Ma. 02071

VERIFICATION:

I, George Perrot, verify that the above statements are true
and accurate and I do so under pains and penalties of perjury
on: February 14, 2005

by: _____
George Perrot

CERTIFICATE OF SERVICE

I, George Perrot, certify that a copy of the above motion was
mailed to counsel of record for respondent via first class mail
on February ___ , 2005

by_____
George Perrot