UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 16 P 3: 12

U.S. DISTRICT COURT
DISTRICT OF MASS

George Perrot, Petitioner,                    Civil Action
                                              ~~NO. 04-CV-1166~~
                 v.                            NO. 04-11666-RCL

David Nolan, Respondent,


VERIFIED
MOTION FOR THE APPOINTMENT
OF COUNSEL AND FOR TIME
TO RESPOND TO RESPONDENTS
MOTION TO DISMISS


   Now comes the petitioner, and moves this court to grant him counsel to represent him in this case at bar, and to grant him an additional ninety (90) days within which to respond to respondents motion to dismiss, for the following reasons:


1. Recently, petitioner was served with the respondents motion to dismiss in the above mentioned case. When he tried to send the motion to dismiss to a fellow prisoner who authored the pleadings filed in this case, petitioner learned that the prisoner was moved to another prison in the state and, per 103 C.M.R. 481.

[2]

21, petitioner could not write him.

2.  The petitioner has no one at M.C.I. Cedar Junction to assist him in the prosecution of this habeas case.  He has written letters to numerous law firms, prisoner rights groups and has been reading law books in attempt to be prepared to defend this case and has not been successful to date.

3.  The legal issues raised in respondents motion to dismiss are so complex that there is no way petitioner can respond thereto himself.

4.  This court should also consider that petitioner has never been to High School.  He has no knowledge of Habeas law and, in fact he is relying on a fellow prisoner to draft this motion for him.

5.  Petitioner is also indigent and can not afford to pay an attorney to represent him in this case.  He has sought Pro Bono assistance from several attorneys but he has not been able to obtain same as of the date of this letter.

6.  The prisoner that is the author of this motion is busy preparing a criminal brief for the Massachusetts Appeals Court and he can not assist petitioner in this matter.

[3]

7. Even if this court appoints counsel to review the case, and determine whether it has merit, petitioner would be in a better position to have the case at bar move forward. Thus far he has been unable to obtain counsel to review the case at bar, and, as a result, he can not point the court to specific areas of the record that suggests he is entitled to habeas corpus relief.

8. Petitioner needs counsel in this case. In the alternative, the court is respectfully asked to grant him ninety (90) days within which to obtain assistance from fellow prisoners to respond to the motion to dismiss.

For the above mentioned reasons, this motion should be granted.

Respectfully Submitted,

George Perrot
Po Box 100
S. Walpole, Ma. 02071

VERIFICATION:

I, George Perrot, verify that the above statements are true and accurate and I do so under pains and penalties of perjury on: February 14, 2005

by: _____
George Perrot

CERTIFICATE OF SERVICE

I, George Perrot, certify that a copy of the above motion was mailed to counsel of record for respondent via first class mail on February 14, 2005

by _____
George Perrot