UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE PERROT,
    Petitioner

V.                        CIVIL ACTION NO. 04-11666-RCL

DAVID NOLAN,
    Respondent

PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO

DISMISS AND MEMORANDUM OF LAW IN SUPPORT

    The Petitioner, George Perrot, hereby respectfully moves and requests this Honorable Court to deny Respondent's Motion to Dismiss by and through his opposition to said motion. Further, Petitioner moves that equitable tolling be granted, an evidentiary hearing held, and counsel be appointed for presentation of his claims.

    As to the background of this case, Petitioner generally agrees with that incoporarted in "Respondent's Motion to Dismiss and Memorandum in Support", only as to the proceedings.

    Petitioner's reasons for opposition are detailed as completely as possible in his argument which follows.

ARGUMENT

George Perrot (hereonin, "Petitioner") will not address the matters of the merits of his habeas corpus petition (hereonin, "Petition"), as did David F. Nolan (hereonin, "Respondent") and contemporaneously, likewise requests the opportunity to brief on the merits of the Petition should the <u>Respondent's Motion to Dismiss</u> be denied.

The Petition is infact not time-barred for the following reasons:

In <u>Respondent's Memorandum of Law in Support of his Motion to Dismiss</u> (hereonin, "Memorandum"), notwithstanding the issue of time-bar, Respondent makes a broad, vague, unsubstantiated, conclusory assertion that Petitioner has failed to "fairly and recognizably present to the SJC the factual underpinnings and legal foundation of his claims on pg. 1; n.1". Petitioner asserts that between the Petition, attachments thereto, and future opportunities for briefing he has more than met the requirements mentioned above. See <u>Adelson V. Dipaola</u>, 131 F.3d 259, 261 (1st Cir. 1997); see also <u>Rose V. Lundy</u>, 455 U.S. 509, 518 (1982). Insofar as that is irrelevant now, as the time-bar issue is the only issue addressed, the thrust of the remainder of this argument will focus solely on the alleged time-bar.

The statutory language is particularly important here. Respondent concedes on pgs. 4-5 of his Memorandum that 28 USCA § 2244 provides inter alia, in pertinent part that:

> "(1) A one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgement of a state court. The limitation period shall run from the <u>latest</u> of (emphasis added)-
> (A) The date on which the judgement became final by the conclusion of direct review or

(1)

the expiration of the time for seeking review;
(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the Constitutional right asserted was intially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection."

28 USCA § 2244(d), <u>as amended by</u> the Antiterroism and Effective Death Penalty Act of 1996 (AEDPA), P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996). What is most important here is not that the statutory language provides for the application of any one of the above mentioned provisions, but that a plethora of circumstances make serveral provisions applicable and the "latest of" them at that. <u>Id</u>.

In the Petition at issue Petitioner is a prisoner in state custody pursuant to a jury trial conviction which was later reversed by the SJC. He was reconvicted on various charges at a subsequent trial after his case was remanded to the Superior Court pursuant to the above mentioned SJC reversal. He then appealed the decision of the second trial and the Appeals Court affirmed his convictions and sentences. He then filed an application for leave to obtain further appellate review, (hereonin, "ALOFAR") which was denied.

(2)

Petitioner then filed a <u>Motion for a New Trial</u> pursuant to <u>Mass. R. Crim. P., 30(b)</u> which was a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgement or claim" according to the meaning of 28 USCA § 2244(b)(2) literally. The <u>Motion for New Trial</u> was granted as is proper and under Rule 30 absolutely <u>no time restrictions</u> exist whatsoever. Although the Commonwealth appealed the granting of the Rule 30 New Trial Motion the Petitioner was released on bail. The Commonwealth won their appeal, the decision was reversed, and a new trial never ensued. Petitioner then filed a second ALOFAR relating to the issues raised in the Rule 30 New Trial Motion, which was late filed, but treated as timely filed due to a <u>Motion to file application late</u>. ALOFAR was denied, but <u>Motion to file application late</u> was allowed on "3-10-04" and the Petition in question was filed in <u>July 2004</u>, well within the limitations period allowed for "with respect to the pertinent judgement or claim" at issue in the Rule 30 New Trial Motion. Hence, all filings applicable were both "properly filed" and timely according to the language of 28 USCA § 2244(d)(1)(A), and (2). Furthermore, the merits of the Rule 30 New Trial Motion, it's allowance, later reversal, and ALOFAR denial are some of the main controlling issues presented in Petitioner's Petition. Also at large is the issue of Petitioner being "a person in custody pursuant to the reversal of the order granting him a new trial", which was not only the judgement of a state court, but also became final by the conclusion of direct review, notwithstanding who filed the appeal/direct review. <u>Id</u>. After all the judgement was to reverse the verdict/convictions and sentence, a bail was allowed "as if Petitioner was never convicted", so the Appeals Court reversal acts as a "judgement of a State Court", <u>Id</u>.; raising the type of liberty interest the writ of habeas corpus was specifically designed and intended to protect. In short the Petition is in specific regard to the Rule 30 New Trial Motion, it's proper allowance, later reversal, ALOFAR, and ongoing unconstitutional imprisonment as a direct result, infact are the

(3)

direct subject matter of the Petition, apart from the addition to the merits raised in Petitioner's appeals and Petition. Because the Petition's merits are based in large part on the Rule 30 New Trial Motion and the rule has no time restriction the Petition was infact timely filed.

The "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" was when Petitioner became aware of his claims and promptly filed his Rule 30 New Trial Motion and this Petition. Id. Petitioner asserts he has no legal training whatsoever to speak of, and a limited secular education (7th grade). He had no lawyer between filing his Rule 30 New Trial Motion and the first ALOFAR denial, nor did he have any knowledge that he was required to or was even elligible to file a Rule 30 New Trial Motion or even a habeas corpus Petition. And at his earliest possible opportunity he filed said Petition as 28 USCA § 2244 (d)(1)(D) applies here. Also, habeas corpos petitions are usually held to be liberally construed so the application of factual allegations should be resolved to the benefit of Petitioner where appropriate as he has made a prima facie showing as to relavant matters. After all who could in good faith and with clear conscience allow the merits of a legitimate case go unresolved, where there is a substantial liklihood of a prisoner's innocense, based on a rigid misapplication of the language of a statute.

As the language of 28 USCA § 2254 (e)(2)(B)(i) is here applicable. March 8, 2004 was the date "a new rule of constitutional law, made retroactive to cases on collateral review..., that was previously unavailable," or as 28 USCA § 2244 (d)(1)(C) states, March 28, 2004 was "the date on which the constitutional right asserted (here the confrontation clause of the 6th amendment to the United States Constitution) was initially recognized by the Supreme Court" and has been "made retroactively applicable to cases on collateral review" in Crawford V. Washington, 124 S.Ct. 1354 (March 8, 2004) [reversing Ohio V. Roberts, 448 U.S. 56 (1980)]. We will briefly delve

(4)

into the merits only to the extent that they apply here.

A hearsay statement allegedly made to officer Marianne Popko by Mary Prekop (alleged victim) was erroneously allowed into the record through Mary Prekop without the ability to cross-examine officer Popko. In all criminal prosecutions the accused shall enjoy the right to be confronted with witnesses (officers/victims, ect...). Because Petitioner was not able to confront and cross-examine this non-testifying 3rd party witness the jury was permitted to convict. His defense relied in part on attacking the credibility of said "witness" to the hearsay statement.

In Crawford, supra testimonial or out-of-court statements by witnesses are barred unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. The witness here, officer Popko, was unavailable at trial and a statement (out-of-court) alleged to be made in her presence was admitted against the defendant at trial. The statement undermined the defendant's claims of innocense. Out-of-court/Ex parte statements that are testimonial are barred. Testimonial statements are those statements given in connection with an investigation or prosecution, such as prior tetsimony at a preliminary hearing, before a grand jury, at a former trial, or to police interrogators, (here a "fresh complaint"). See Crawford, supra at sec. V, C of the opinion. "[A] constitutional rule will ordinarily be given full retroactive effect", Commonwealth V. Amirault, 424 Mass. 618, 638 n. 12, 677 N.E.2d 652, 666 n. 12 (1997). The issue is not considered waived because trial counsel is not required to be "clairvoyant". Commonwealth V. Hinckley, 422 Mass. 261, 265-266, 661 N.E.2d 1317, 1320-21 (1996). "[C]ounsel's silence cannot also be used to relieve [the court] of the responsibility of independently assessing this question". Commonwealth V. Wood, 380 Mass. 545, 551 n. 5 (1980). The prejudice caused a defendant by error does not somehow evaporate or diminish simply because his counsel failed to object. Id., quoating U.S. V. Leonard, 494 F.2d 955, 975 (D.C. Cir. 1974) (Bazelon, C.J., con-

curring and dissenting). Given the magnitude and amount of cumulative errors of all types, these errors will result "in a substantial miscarriage of justice", Commonwealth V. Cancel, 394 Mass. 567, 576 (1985); although some of the errors taken individually may not be sufficiently prejudicial to require reversal. See also Commonwealth V. Kowalski, 33 Mass.App.Ct. 49, 54 (1992). However, this reason alone is sufficiant because the 6th Amendment is applicable to the states. Pointer V. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The rights provided by the state and federal constitutional provisions are equivlent. Commonwealth V. Childs, 413 Mass. 252, 260, 596 N.E.2d (1992). And all these unpreserved errors concern critical issues.

Because at the present the issue is a time-bar and not the merits themselves we will no longer explore anymore of the merits. However, let it be noted that if true the multitude of the cumulative errors alleged most certainly amount to a miscarriage of justice and not to explore these issues would undermine the principles of justice and effect a travesty upon the Petitioner.

As Respondent states in his Memorandum at page 6, "state court motion filed after "AEDPA's" limitation period expired did not "revive" statute of limitations". Qouting Dunker V. Bissonnette, 154 F.Supp.2d 95, 103 (D.Mass. 2001). "This conclusion does not undermined the exhaustion of state court remedies underlying section 2244(d)(2). To the contrary, it encourages the Petitioner to take advantage of state court collateral review in a prompt and efficacious manner". Id. As in Dunker, supra, Petitioner's counsel could have filed a timely challenge, but failed to. As stated herein supra, Petitioner had no lawyer until his Rule 30 New Trial Motion from the time of his first ALOFAR and had no knowledge of his requirement, nor his elligibility to file his Petition or his Rule 30 New Trial Motion due to his lack of an education or any legal training. Respondent also states in his Memorandum that AEDPA's limitation period was not tolled by New

(6)

Trial Motion because by the time it was filed, the one-year period had already expired", Delaney V. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001). Significantly, Respondent fails to acknowledge the fact that for other reasons the Delaney court does not address the possible applicability of the "Suspension Clause" of the writ of habeas corpus nor the equitable tolling that would ensue had the merits of the Suspension Clause been addressed. The Suspension Clause was not addressed because it was not raised as an issue in Delaney. So to the extent that this matter be reviewed here the Petitioner invokes the Suspension Clause by reference thereto, and the main reasons are the lack of a time limit for a Rule 30 New Trial Motion as a state collateral review and more importantly the ability to brief on the merits of his valid claims of violation of constitutional provisions regarding effective assistance of counsel, Confrontation Clause, and many others. AEDPA "tolls the limitation period for the pursuit of state remedies [but] not during the pendency of application for federal review". Delaney, supra, qouting Duncan V. Walker, 531 U.S. 991, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000).

    For the afore-mentioned reasons, Petitioner respectfully requests that Respondent's Motion to Dismiss be denied with prejudice, that equuitable tolling be granted, an evidentiary hearing ensue on the merits of Petitioner's claims, and Petitioner's motion for counsel, previously denied, be granted for purposes of presenting Petitioner's claims at a meaningful time and in a meaningful manner. Armstrong V. Manzo, 380 U.S. 550, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1985).

May 1, 2005

Respectfully Submitted

/s/ George Perrot

George Perrot
P.O. Box 100
So. Walpole, Ma. 02071

(7)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above opposition motion to the Respondent's motion to Dismiss was served on May 1, 2005 to Assistant Attorney General Randall E. Ravitz by first class mail.

George Perrot
P.O. Box 100
So. Walpole, Ma. 02071