UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
GEORGE PERROT,                          )
                    Petitioner          )
                                        )
v.                                      )          Civil Action No. 04-11666-RCL
                                        )
DAVID NOLAN,                            )
                    Respondent          )
_____)

ORDER ON RESPONDENT'S MOTION TO DISMISS

Before the court is a petition of George Perrot ("the Petitioner") for habeas corpus relief

pursuant to 28 U.S.C. §2254.  The petitioner alleges that his conviction was procured in violation,

in a number of respects, of his rights under the Sixth Amendment to the Constitution of the

United States.  The respondent has moved to dismiss the petition on the ground that it is time-

barred.

The petitioner is currently an inmate at the Massachusetts Correctional Institution at

Cedar Junction, having been convicted in 1992 of armed robbery, aggravated rape, burglary,

assault in a dwelling, and indecent assault and battery.  He was sentenced to a life term on the

convictions of aggravated rape and assault in a dwelling, with lesser sentences on the other

offenses to run currently with the life sentence.  The petitioner was first convicted on these

offenses in December of 1987, but that conviction was reversed, *see Commonwealth v. Perrot,*

407 Mass. 539 (1990), and he was retried and convicted again.  The petitioner appealed his

second conviction, and that conviction was affirmed by the Massachusetts Appeals Court on May

3, 1995.  *Commonwealth v. Perrot,* 38 Mass. App. Ct. 478 (1995).  On May 10, 1995, the

petitioner filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with

the Massachusetts Supreme Judicial Court ("SJC").  The SJC denied that application on June 5,

1995.  *Commonwealth v. Perrot,* 420 Mass. 1104 (1995) (Table).  On April 25, 2000, the

petitioner filed a motion for a new trial in the Superior Court for Hampden County,

Massachusetts.  That motion was granted on September 11, 2001, but the Appeals Court reversed

in *Commonwealth v. Perrot,* 58 Mass. App. Ct. 1102 (2003).  On January 13, 2004, the petitioner

filed an ALOFAR, which the SJC denied on March 10, 2004.  *Commonwealth v. Perrot,* 441

Mass. 1104 (2004) (Table).  The petitioner sought no further appellate review.  Thereafter, on

July 19, 2004, he filed the present petition.

The statutes by which inmates in state custody, pursuant to a judgment of conviction in a

state court, may seek habeas relief in a federal court were substantially overhauled by the Anti-

terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L.NO.104-132 (effective

April 24, 1996).  Pursuant to 28 U.S.C. §2244(d), as amended by AEDPA, a person in state

custody, pursuant to a judgment of a state court, has one year from the date on which the

judgment of conviction becomes final to file a petition for habeas corpus relief in a federal district

court.  28 U.S.C. §2244(d)(1)(A).  The one-year period of limitations is tolled, however, during

the pendency of a properly filed application for state post-conviction relief with respect to the

judgment of conviction.  28 U.S.C. §2244(d)(2).  The First Circuit has held that, where a

conviction became final before the enactment of AEDPA, the potential habeas petitioner has a

one-year grace period, from the date of the enactment of AEDPA, within which to file his

petition.  *Gaskins v. Duval,* 183 F.3d 8, 9 (1st Cir. 1999).  Thus, for pre-AEDPA convictions, the

time within which a habeas petition might be filed expired on April 24, 1997.

In this case, the petitioner's 1992 conviction became final on June 5, 1995, when the SJC

denied his ALOFAR, following the affirmance of his conviction by the Appeals Court. The petitioner argues that the motion for new trial that he filed on April 25, 2000 tolled the running of the statute, presumably in accordance with 28 U.S.C. §2244(d)(2). The problem with the petitioner's argument, however, is obvious: by the time the motion for a new trial was filed in 2000, the limitations period had already expired. That is, by the time he filed his motion for a new trial, there was no limitation period to suspend; the period had run. The motion for new trial could not resuscitate the present habeas claim. *See Delaney v. Mulesans,* 264 F.3d 17, 11 (1st Cir. 2001) (concluding that a motion for new trial filed after the expiration of the grace period did not toll the running of the limitations period); *Dunker v. Bissonette,* 154 F. Supp. 95, 103 (D. Mass. 2001) (holding that a motion for new trial filed after the grace period "did not restart the expired limitations period.")

For the foregoing reasons, the respondent's motion to dismiss the petition is granted. The clerk shall enter judgment for the respondent, dismissing the petition. Because the disposition of the petition here is a straightforward application of the AEDPA statute of limitations, the petition raises no issue of constitutional magnitude about which jurists of reason could disagree. *Miller-el v. Cockrell*, 537 U.S. 322, 327 (2003). The petitioner, therefore, has made no substantial showing of the denial of a constitutional right, *id.,* and I will not issue a certificate of appealability.

SO ORDERED.

/s/ Reginald C. Lindsay
United states District Judge

DATED: August 30, 2005

3